# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

No. 09-50872
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORIO ZUNIGA-HOLGUIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1800-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gregorio Zuniga-Holguin appeals the 64-month sentence imposed in connection with his guilty-plea conviction for being found in the United States following deportation in violation of 8 U.S.C. § 1326. Zuniga-Holguin argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He argues that his personal history and characteristics and his motive for reentering the United States support a sentence below the guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zuniga-Holguin cites *Kimbrough v. United States*, 522 U.S. 85 (2007), and argues that this court should not accord the sentence a presumption of reasonableness because the illegal reentry guideline is not supported by empirical data. Zuniga-Holguin acknowledges that this argument is foreclosed by this court's precedent but raises the issue to preserve it for further review.

The substantive reasonableness of Zuniga-Holguin's sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2009). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Zuniga-Holguin's argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Zuniga-Holguin's assertions regarding his personal history and characteristics and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Zuniga-Holguin has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.